IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD W. HARRIS,            )
                              )
            Plaintiff,        )
                              )
     v.                       )  Civil Action No. 08-80J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of September, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

⬥AO 72
(Rev 8/82)

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on June 12, 2006, alleging a disability onset date of March 1, 2006, due to high blood pressure and shortness of breath related to bronchiolitis obliterans with organizing pneumonia ("BOOP") and with residual fibrotic interstitial lung disease. Plaintiff's application was denied initially and upon reconsideration.

At plaintiff's request an ALJ held a hearing on November 8, 2007, at which plaintiff, represented by counsel, appeared and testified. On November 27, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On March 14, 2008, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and that he had acquired sufficient coverage to remain insured through December 31, 2011.

Plaintiff was 60 years old at the time of his alleged onset date and is classified as a person closely approaching retirement age under the regulations. 20 C.F.R. §404.1563(e). He has at least a high school education and has past relevant work experience as a sales attendant and a machine shop supervisor, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of BOOP, with residual fibrotic interstitial disease, hypertension with a history of mild cardiomegaly, status post diskectomy/fusion in 1970, osteoarthritis of the right knee, status post right knee meniscus repair in 2000 and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ determined that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of his impairments. (R. 15). Significantly, the ALJ also found that plaintiff has acquired work skills from his past relevant work which are transferable to other occupations with jobs existing in significant numbers in the national economy.

Taking into account the limiting effects of plaintiff's impairments and also his transferable skills, a vocational expert identified production clerk as a representative occupation existing in significant numbers in the national economy which plaintiff can perform based upon his age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that although plaintiff is unable to perform his past relevant work, he is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part

a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff's sole argument on appeal is that the ALJ failed properly to apply the Regulations and SSR 82-41 relating to work skills and their transferability in determining that plaintiff, as an individual of advanced age, has transferable skills. Upon review, the court is satisfied that the ALJ's finding that plaintiff has acquired transferable work skills was made in accordance with the applicable regulations and rulings and is supported by substantial evidence.

The Medical-Vocational guidelines ("grids") set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00.

---

404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.

Here, an individual of plaintiff's age and education who is limited to sedentary work (or less) and whose previous work experience was skilled or semi-skilled but who has <u>no</u> transferable work skills is disabled as a matter of law under Grid Rule 201.06. However, the same individual who has transferable skills from his previous work experience is not disabled under Grid Rule 201.07.[2] Neither party disputes this. Rather, the sole dispute in this case is the ALJ's finding that plaintiff has transferable work skills from his past relevant work. If plaintiff is correct and he has no transferable skills, he is disabled as a matter of law under Rule 201.06.

Plaintiff argues that the ALJ erred in determining that plaintiff has transferable work skills. Specifically, plaintiff contends that the ALJ failed to comply with the applicable Regulations and SSR 82-41 which address transferable work skills. Upon review, the court is satisfied that the ALJ complied with the applicable regulations and rulings in assessing transferability.

Pursuant to the Regulations, skills are transferable "when the skilled or semi-skilled work activities [a claimant] did in past work can be used to meet the requirements of skilled or semi-

---

[2] Here, although the ALJ found that plaintiff has transferable work skills, he did not find as a matter of law that plaintiff is not disabled under Grid Rule 201.07 because he also found that plaintiff is limited to <u>less than</u> the full range of sedentary work. Accordingly, the ALJ used the grids only as a framework and relied on the testimony of a vocational expert in determining that plaintiff is capable of making an adjustment to work existing in significant numbers in the national economy and, therefore, is not disabled.

skilled work activities of other jobs or kinds of work." 20 C.F.R. §404.1568(d)(1). In other words, transferability means "applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." SSR 82-41.

Transferability of skills is "most probable and meaningful" among jobs in which: (1) the same or lesser degree of skills is required; (2) the same or similar tools and machines are used; and, (3) the same or similar raw materials, products, processes or services are involved. 20 C.F.R. §404.1568(d)(2); SSR 82-14. However, a complete similarity of all three factors is not necessary for transferability. §404.1568(d)(3); SSR 82-14.

Because plaintiff is an individual of advanced age (55 or older), additional considerations relating to transferability come into play as the law recognizes that "advancing age decreases the possibility of making a successful vocational adjustment." SSR 82-14. Accordingly, where an individual is of advanced age and is limited to no more than sedentary work, as is plaintiff in this case, he can be found to have transferable skills "only if the sedentary work is so similar to [the claimant's] previous work that you would need to make very little, if any, vocational adjustments in terms of tools, work processes, work settings or the industry." 20 C.F.R. §404.1568(d)(4); SSR 82-14. Accordingly, the job duties of the claimant's past relevant work must be so closely related to other jobs which he can perform that the claimant "could be expected to perform these other identified

- 7 -

jobs at a high degree of proficiency with a minimal amount of job orientation." SSR 82-14.

Here, in consideration of the applicable factors and with the assistance of a vocational expert, the ALJ determined that plaintiff acquired work skills from his past relevant work as a machine shop supervisor which are transferable to the sedentary position of production clerk which exists in significant numbers in the national economy. The court is satisfied that the ALJ adhered to the foregoing standards in making the determination that plaintiff has transferable skills.

Although plaintiff argues that the ALJ failed to comply with SSR 82-14 in assessing transferability, the ALJ did all that was necessary under that ruling. SSR 82-14 requires that in making a finding that a claimant has transferable skills the ALJ must identify the acquired work skills, must cite in his decision the specific occupations to which the acquired skills are transferable, and must elicit evidence that the specific occupations exist in significant numbers in the national economy.

The ALJ did all of that in this instance. First, he elicited testimony from the vocational expert identifying the acquired work skills plaintiff demonstrated in his past relevant work, specifically, "record keeping, ordering, dealing with the public." (R. 317). In his decision, the ALJ cited the occupation of production clerk which the vocational expert had identified as a job to which plaintiff's acquired skills are transferable. (R. 20; 317-18). Finally, the ALJ relied on the vocational expert's

- 8 -

testimony that the job of production clerk exists in significant numbers in the national economy. (R. 20; 318). This is all he was required to do to comply with SSR 82-14.

Plaintiff's argument that the ALJ's determination that plaintiff has transferable skills otherwise is erroneous is without merit. First, SSR 82-14 expressly states that "[s]kills, levels of skills and potential occupations to which skills from [past relevant work] may be transferred are for the adjudicator or ALJ to determine (with the assistance, when required of a [vocational source] or occupational reference sources)." Here, the ALJ made his finding of transferable skills based on the testimony of a vocational expert and plaintiff's disagreement with that finding is insufficient to conclude that the ALJ's finding is not supported by substantial evidence.

Moreover, plaintiff's contention that the position of production clerk is so far removed from that of his prior past work as a supervisor in the manufacturing industry that any supervisory skills he obtained in that position cannot be deemed to be transferable because plaintiff would need to make more than "very little, if any, vocational adjustment" is unpersuasive. Under the regulations, the issue is not similarity of <u>occupation</u> but similarity of <u>occupationally significant work activities</u>. 20 C.F.R. §404.1568(d)(1). Thus, "where job skills have universal applicability across industry lines, e.g., <u>clerical, professional, administrative or managerial types of jobs</u>, transferability of skills to industries differing from past work experience can

usually be accomplished with very little, if any, vocational adjustment." SSR 82-41 (emphasis added).

Here, the vocational expert testified that the skills of record keeping, ordering and dealing with the public that plaintiff demonstrated in his past relevant work of machine shop supervisor are transferable to the position of production clerk. The ALJ relied on the vocational expert's testimony and found that plaintiff has transferable skills. The court finds no error in the ALJ's reliance on the vocational expert's testimony in this regard. Likewise, the vocational expert's testimony that the job of production clerk is one which an individual of plaintiff's age, education, past work experience and residual functional capacity can perform, and which exists in significant numbers in the national economy, constitutes substantial evidence supporting the ALJ's finding that plaintiff is not disabled.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: David M. Axinn, Esq.
    PO Box 597
    Hollidaysburg, PA 16648

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA  15901